STATE OF MAINE vs. GRAND TRUNK RAILWAY.

*Railroads—liability for causing death.*

Where a statute declares that railroads, by whose negligence the life of a person is lost, forfeit not less than five hundred nor more than five thousand dollars, to be recovered by indictment to the use of the heirs of the deceased; *held*, that to bring a case within this statute the killing must be instantaneous.

INDICTMENT against defendant corporation for causing the death of one David P. Pullen. The only essential fact is stated in the opinion. A verdict had been rendered against the company and a motion for new trial filed.

*T. H. Haskell,* acting county attorney, for the State.

*J. & E. M. Rand,* for the corporation.

WALTON, J.   When one is injured through the carelessness of a railroad corporation, but the injury is not such as to produce immediate death, a right of action accrues to such person, which in case of his subsequent death, survives to his personal representatives; and in such a case, an indictment will not lie. *State* v. *Maine Central Railroad Company,* 60 Maine, 490.

In this case the evidence shows clearly and beyond a reasonable doubt, that Pullen, the person injured, did not die immediately.   He not only survived several hours, but during most of the time was conscious, and able to converse intelligently.   A right of action, therefore, accrued to him, which, upon his subsequent death, descended to his personal representatives; provided he was himself in the exercise of due care at the time of the injury, and the carelessness of the railroad company, or its servants, was the sole cause of it.   This is not, therefore, a case where an indictment can be maintained.   The verdict is not only against evidence, but it is also contrary to law; and the motion to set it aside must be sustained and a new trial granted.

This view of the law renders it unnecessary to consider whether the deceased was or was not in the exercise of due care at the time of the injury; or whether there was or was not carelessness on the part of the railroad company, or that of its employees.

> *Motion sustained.   Verdict set aside,*
> *and new trial granted.*

APPLETON, C. J.; DICKERSON, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.